UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. TAYLOR,<br><br>    Defendant. | Case No. 17-cv-01528-WHO (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL;**<br><br>**ORDER REFERRING THIS ACTION TO JUDGE ILLMAN FOR PURPOSES OF SETTLEMENT;**<br><br>Dkt. No. 20 |

**INTRODUCTION**

Plaintiff Phillip Morris alleges that San Quentin prison guard Matthew Taylor violated his First and Eighth Amendment rights during three body and cell searches, one in August 2016 and the other two in March 2017. Taylor moves for summary judgment and for dismissal. (Dkt. No. 20.) I will grant the motion regarding the March 2017 searches and the Rules Violation Report issued after the August 2016 incident because Morris did not exhaust his administrative remedies. I will deny the motion with respect to the claim under the Eighth Amendment that Taylor squeezed Morris's penis and scrotum and held them for 30 to 45 seconds because, if proven, that would constitute excessive force. Morris has not stated a claim for emotional and psychological damages, however, because he has not alleged a sufficient physical injury or sexual act pursuant to 42 U.S.C.

§ 1997e(e).

The Eighth Amendment and First Amendment claims will be referred to the Hon. Robert Illman for settlement.

## FACTUAL BACKGROUND

This suit arises from three cell searches. One occurred on August 6, 2016, and the other two on March 14 and 15, 2017.

### i. August 6, 2016 Incident

Morris alleges that Taylor searched his cell on August 6, 2016, leaving it in disarray, and took legal and personal items. (Compl., Dkt. No. 1 at 3.) He asserts that Taylor conducted a "clothed body search" at that time. (*Id.*) During that search, Morris states that Taylor squeezed Morris's penis and scrotum and held them for 30 to 45 seconds. (*Id.*)

Morris alleges that the search was retaliatory, violating his First Amendment rights, and caused him emotional and psychological distress, violating his Eighth Amendment rights. (*Id.* at 9.) He also alleges that Taylor, in a further act of retaliation, filed a false Rules Violation Report (RVR) against him, charging that Morris possessed tar heroin. (*Id.* at 3.)

### ii. March 2017 Incidents

Morris contends that on March 14, 2017, Taylor conducted a retaliatory strip search of him, tampered with his light fixture, and threatened to file a RVR against him. (*Id.* at 4.) He also asserts that on March 15, 2017, Taylor, after escorting him to the prison yard, conducted a strip search "in a perverted manner": Taylor allegedly ordered Morris to lift his scrotum and penis, and squat and cough while holding his buttocks open, while Taylor pointed a flashlight at his buttocks for 15 to 20 seconds. (*Id.* at 9.)

## STANDARD OF REVIEW

### i. Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant

2

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

**ii. Dismissal under Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v.*

3

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

## DISCUSSION

**i.  March 2017 Incidents:  Failure to Exhaust**

Morris filed no grievances regarding the March 2017 incidents.  He did not exhaust his administrative remedies prior to filing suit.  Taylor's motion for summary judgment on this ground will be granted.

Prisoners must exhaust their administrative remedies prior to filing suit.  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and a prisoner's failure to comply with this requirement cannot be excused by the courts.  *Ross v. Blake*, 136 S. Ct. 1850, 1856-1858 (2016).  Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Morris submitted five grievances between August 6, 2016 and March 15, 2017, the date on which he filed his federal civil rights complaint:

(i)   No. 16-02291, filed on September 13, 2016 (contesting a rules violation report for the misuse of food and complaining about defendant Taylor's August 6th search)[1];

(ii)  No. 16-2779, filed on November 7, 2016 (contesting a $38.00 charge for brown sugar);

(iii) No. 16-2888, filed on November 16, 2016 (contesting the cancellation of grievance No. 16-2779, listed above);

(iv)  No. 16-2953, filed November 28, 2016 (contesting a freeze on his prison trust account); and

---

[1] His jailors allegedly found evidence during the August search that Morris was manufacturing and selling peanut brittle.  (MSJ, Dkt. No. 20 at 12.)  Fifty pounds of peanut brittle, hot plates (found in Morris's pants), brown sugar, flour, a sales display, and price tags were allegedly discovered.  (*Id.*)

4

(v) No. 16-3084, filed on December 7, 2016 (again contesting the cancellation of grievance No. 16-2779, listed above).

(Mot. for Summ. J. (MSJ), Voong Decl., Dkt. No. 26 at 7; Dahl Decl., Dkt. No. 22 at 3.) None of those grievances related to the March 2017 incident.

Morris contends that he did not need to exhaust his claims because (i) these incidents were part of an ongoing pattern of retaliation; (ii) the grievance process was unavailable, opaque, and incapable of use, and that the grievances he filed were ignored; and (iii) defendants' acts of intimidation prevented him from using the grievance process. (Pl.'s Opp., Dkt. No. 31 at 32, 35, 62, 63, and 73.) But the grievances above are not factually linked in any way to the alleged conduct by Taylor in March 2017. There is no support to the assertion that such a pattern would excuse the exhaustion requirement.[2]

To be sure, prisoners are not obligated to exhaust when "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1863. And exhaustion can be excused when "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* at 1859. But those exceptions are inapplicable here. Morris's allegations of intimidation (or that the process was unavailable, opaque, incapable of use, or that he filed grievances that were ignored) are conclusory at best. He identifies no specific threat or act of intimidation, or what rendered the process unavailable. A plaintiff's conclusory explanation for failing to exhaust is insufficient to create a triable issue of fact. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) (plaintiff's conclusory allegations that prison administrators obstructed his attempts to exhaust deemed insufficient to rebut defendants' detailed record of plaintiff's repeated failure to

---

[2] Medical claims may present an exception, as noted by some district courts. "Prisoners are not required to file and exhaust a separate grievance each time they allegedly receive inadequate medical care for an ongoing condition." *Lewis v. Naku*, No. CIV S-07-0090 RRB DAD P, 2007 WL 3046013 at *5 (E.D. Cal. Oct. 18, 2007). This possible exception clearly does not apply to the instant suit.

5

use the exhaustion process properly).³

Summary judgment is granted in favor of Taylor as to all Morris's claims arising from the March 2017 incidents.

### ii. August 6th Incident

Morris alleges that the search on August 6, 2016 was retaliatory, violating his First Amendment rights, that it caused him emotional and psychological distress, violating his Eighth Amendment rights and that Taylor, in a further act of retaliation, filed a false RVR for possession of heroin. Taylor moves to dismiss the Eighth Amendment claim for failure to state a claim and for summary judgment on the false RVR for failure to exhaust.

#### a. Retaliation

The retaliation claim regarding the search itself, not the heroin RVR, may proceed. Taylor does not ask that it be dismissed or decided on summary judgment.

#### b. Eighth Amendment

A prisoner's claims of emotional or psychological distress are not actionable in federal court without a "prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002). A "sexual act" is:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse,

---

³ Plaintiff's statements that prison officials had "engaged in impeding and unethical conduct of obstructing" his inmate appeals "from being exhausted in a timely manner," and had "prohibited and impeded" his efforts to exhaust were insufficient to create a triable issue because the prisoner did not explain what kinds of impeding and unethical conduct occurred. *Draper*, 836 F.3d at 1079-1080.

> humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246.

Morris makes no showing that he suffered a physical injury. He uses the words "physical injury" but he does not describe what that injury is. (Pl.'s Opp., Dkt. No. 31 at 21-25.) And Taylor's alleged acts, as currently articulated, do not qualify as "sexual acts." Only part D of section 2246 comes close to fitting the circumstances here, but it does not in fact apply because Taylor's touching was through clothing, and was not a direct contact with Morris's genitalia. Morris's claim for emotional distress or psychological damages is therefore insufficient.

That said, Taylor's alleged conduct in grabbing and holding Morris's penis and scrotum for 30 to 45 seconds would constitute excessive force sufficient to state a claim under the Eighth Amendment for nominal, punitive, and compensatory damages (other than for emotional or psychological injury). As the court wrote in *Pearson v. Pasha*, No. CV 10-00035-H-DWM-RKS, 2011 WL 3841807 at *5 (D. Montana June 22, 2011), "in most circumstances the squeezing of a man's genitalia is an act 'repugnant to the conscience of mankind.'" It also noted, "Not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Id.*, quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). But the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9; *see also Oliver*, 289 F.3d at 628 (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries))." Accordingly, Morris's Eighth Amendment claim may proceed.

**c.     Heroin RVR**

Defendant has presented undisputed evidence that Morris made no allegations about the heroin RVR until the second level of review of his grievance regarding the August 6 search. (MSJ, Voong Decl., Dkt. No. 26 at 9-10.) His first-level grievance contained no such allegation. (*Id.* at 9.) After his grievance was denied at the first level, he appealed and added the heroin RVR claim. (*Id.* at 9-10.) The prison did not address the RVR portion of his second-level grievance. (*Id.* at 11-12.)

Because he did not raise the claim at the first level of review, Morris has not properly exhausted his claim. "Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602 . . . and addressed through all required levels of administrative review up to and including the third level." 15 CCR § 3084.1. While prison officials can waive a procedural defect by addressing a new claim on the merits, *Reyes v. Smith*, 810 F.3d 654, 656, 657 (9th Cir. 2016), that exception is inapplicable here. The prison reviewers did not address the RVR claim on the merits.

Taylor's motion for summary judgment on this claim is GRANTED.

## CONCLUSION

The motion for summary judgment regarding all claims arising from the March 2017 incidents and regarding the heroin RVR issued after the August 2016 incidents is GRANTED in Taylor's favor, and judgment on these claims will be entered in his favor at the conclusion of this suit.

The motion to dismiss the emotional and psychological damages portion of Morris's Eighth Amendment claim related to the August 2016 incident is also GRANTED. The claim survives concerning Taylor's alleged use of excessive force during the August search; so does the First Amendment claim for retaliatory search.

This matter is REFERRED to the Hon. Robert Illman for purposes of settlement pursuant to the Pro Se Prisoner Mediation Program. The proceedings will consist of one or

8

more conferences as determined by Judge Illman. They shall take place within 180 days of the date this order is filed. Judge Illman shall coordinate a time and date for the conferences with all interested parties and/or their representatives and, within 180 days after the conclusion of the conference(s), file a report regarding the settlement proceedings.

**Morris must attend all conferences scheduled by Judge Illman. Failure to attend even one conference will likely result in the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

The Clerk shall forward a copy of this order to all parties and to Judge Illman's chambers.

The Clerk shall terminate Dkt. No. 20.

**IT IS SO ORDERED.**

**Dated:** August 20, 2018

_____
WILLIAM H. ORRICK
United States District Judge